```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                      EASTERN DIVISION
```

MARTINO McNEAL                                              PETITIONER

vs.             Civil Case No. 2:06CV00120 HLJ

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                 RESPONDENT

MEMORANDUM AND ORDER

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Martino McNeal, an inmate of the Federal Correctional Facility (FCI) in Forrest City, Arkansas. Petitioner states he is serving a twenty-two month sentence pursuant to his conviction of two counts of criminal infringement on a copyright. He filed this petition on May 3, 2006, challenging the Bureau of Prisons' (BOP) decision, pursuant to a policy that went into effect on February 15, 2005, to limit his transfer to a community corrections center (CCC), now residential reentry center (RRC), to 76 days, beginning on March 7, 2007. Petitioner argued the regulation was invalid under several decisions from this District, including Fults v. Sanders, NO. 2:05CV00091 (June 8, 2005), because it limited RRC assignments to the last ten per cent of an inmate's sentence without regard to 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). Petitioner contended he was "entitled to a least six months of CCC placement."

On April 6, 2006, the Eighth Circuit Court of Appeals affirmed Fults, invalidated the February 15, 2005, policy and held that § 3621(b) requires the BOP to exercise its discretion on an individual basis, using the factors in that statute, in determining how much time an inmate should spend in a CCC before release from prison, and thus it could not catagorically deny transfer to all inmates not serving the last ten per cent of their sentence. Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006). On May 31, 2006, Respondent filed a response in the present case, stating the BOP will utilize the procedures outlined in Program Statement 7310.04, dated December 16, 1998, and will base its CCC/RRC recommendations on the factors in § 3621(b), and its recommendations will occur eleven to thirteen months before the inmate's projected release date. In light of this, Respondent asked that the petition be dismissed as moot.

Petitioner filed a reply addressing exhaustion and the propriety of raising these claims under § 2241, which are not issues in this case. He has now filed another reply, addressing Respondent's argument that the petition is moot. Petitioner requests the court to order the BOP to re-evaluate him following the "procedures set out under 18 U.S.C. § 3621(b) and § 3624(c), and he argues the petition is not moot unless the BOP actually follows the procedures set out in Fults. The court is not convinced the petition is moot at this point.

2

IT IS THEREFORE ORDERED that this petition be, and it is hereby, granted.  In accordance with <u>Fults</u>, Respondent is ordered to consider Petitioner for transfer within twenty (20) days, utilizing the procedures outlined in Program Statement 7310.04, dated December 16, 1998, basing its CCC/RRC recommendations on the factors in § 3621(b).

SO ORDERED this 31st day of July, 2006.

*Henry L. Jones, Jr.*
United States Magistrate Judge